# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-516-FDW

| | |
|---|---|
| JARIUS ANTHONY GASKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CHIP BAILEY, Sheriff; ) | |
| R. STEVENSON, Sargent; ) | |
| T. HERBERT, Detention Officer, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), and on Plaintiff's Application to Proceed *in forma pauperis* ("IFP Application"). (Doc. No. 2).

## I. BACKGROUND

According to his amended pro se Complaint, on June 27, 2012, Plaintiff was a pretrial detainee in the Mecklenburg County Detention Center when he was injured while playing basketball in the recreation yard. Reportedly the basketball rim was "leaning" and it fell on Plaintiff and causing him to fall to the ground where he lay injured for an undisclosed period of time. (Doc. No. 1 at 5, 12). Plaintiff attaches statements from three fellow detainees wherein they report they witnessed the fallen rim and Plaintiff lying injured on the ground. On June 28, 2012, Plaintiff was apparently prescribed 8 tablets of Lortab, and was treated for complaints of injuries to his head, shoulder and right forearm, but he suffered no broken bones. (Doc. No. at 1 at 11-14).

1

Plaintiff contends that he has exhausted his administrative remedies.[1]

After his injury, Plaintiff spoke with Officer Herbert who informed him that other inmates had reported to him that the rim was leaning prior to Plaintiff's injury. In his claim for relief, Plaintiff seeks compensatory damages in the amount of $250,000 against each of the defendants, punitive damages in the amount of $10,000 against Defendants Stevenson and Herbert, and a jury trial on all issues. (Doc. No. 7 at 5).[2]

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A(b) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

---

[1] According to the websites of the Mecklenburg County Sheriff's Department, and the North Carolina Administrative Office of the Courts, a person sharing Plaintiff's name and birthday is awaiting trial on charges of attempted first degree murder; felony robbery with a dangerous weapon; felony conspiracy robbery with a dangerous weapon; and felony discharge of a weapon into occupied property.

[2] The Court notes from Plaintiff's IFP Application that he does not appear to have sufficient funds to pay a filing fee or costs at this time and his Application will be granted. (Doc. No. 3).

2

ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges that Defendants R. Stevenson and T. Herbert knew about the precarious condition of the basketball rim but they failed to take appropriate action to ensure that he and other inmates did not have access to the goal. The Court finds that Plaintiff has, at best, stated a claim that these defendants were negligent in failing to undertake cautionary measures to ensure inmates did not have access to the damaged basketball goal. There are no reasonable allegations that either defendant purposely failed to act or purposely put any inmate at risk in order to violate their constitutional rights. "The Supreme Court has made clear that liability under 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence." Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989) (emphasis omitted). The claims against Defendants Stevenson and Herbert will be dismissed.

Finally, other than to identify Defendant Bailey as the sheriff of Mecklenburg County, Plaintiff states no allegations against Bailey. In his capacity as sheriff, Defendant Bailey serves as a supervisory government official. Such an individual cannot be held liable under a theory of respondeat superior because this liability generally does not attach in a Section 1983 action. See Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). In order to hold Defendant Bailey responsible, Plaintiff must allege facts which tend to show that it was Bailey's actions, or omissions, that led to his injury. Plaintiff has failed to make such a showing. Accordingly, Defendant Bailey will be dismissed from this lawsuit.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Complaint must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint, as amended, is **DISMISSED** without prejudice. (Doc. Nos. 1 and 7)

2. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for purposes of this initial review. (Doc. No. 3).

3. The Clerk is directed to close this civil case.

Signed: October 17, 2013

Frank D. Whitney
Chief United States District Judge